Denton v. Miller.

J. J. DENTON *et al.* v. R. C. MILLER *et al.*

(*Knoxville*. September Term, 1912.)

1. **APPELLATE JURISDICTION.** Constitutional question abandoned on appeal does not give supreme court jurisdiction, and cause will be transferred to court of civil appeals.

Where the bill charged the unconstitutionality of the statute (Acts 1907, ch. 236) under which the defendant county board of education was created, but the question appears to be abandoned upon appeal, by failure of the brief of complainants to refer to the question, and there being nothing in the act which would justify the supreme court in taking up the question on its own motion, there is no constitutional question before the court, and the appellate jurisdiction is entirely with the court of civil appeals, and the cause will be transferred to that court.

Acts cited and construed:    Acts 1907, ch. 236.

---

FROM RHEA.

---

Appeal from the Chancery Court of Rhea County.— T. M. McCONNELL and V. C. ALLEN, Chancellors.

GIVENS, McKENZIE & FRAZIER, for complainants.

MILLER & SWAFFORD, for defendants.

---

PER CURIAM.

This cause presents a controversy wholly within the jurisdiction of the court of civil appeals, but for the

fact that the bill charges the unconstitutionality of chapter 236 of the Acts of 1907, under which the defendant county board of education was created. But this question seems to have been abandoned. It is not referred to in the brief of complainant's counsel, and we see nothing in the act which would justify the court in taking up the question on its own motion. Under such circumstances there is no constitutional question before the court, and the case is entirely with the court of civil appeals. The cause is therefore ordered to be transferred to that court.

A copy of this opinion will be attached to the record and accompany the transfer.